IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PATRICE HARRIS,                      )
                                     )
                   Plaintiff,        )
                                     )
        v.                           )    Case Nos. 22-2211-TC-ADM;
                                     )    22-2212-TC-ADM; 22-2213-TC-ADM
                                     )
KANSAS EMPLOYMENT SECURITY           )
BOARD OF REVIEW,                     )
                                     )
                   Defendant.        )

## REPORT AND RECOMMENDATION

This lawsuit arises out of pro se plaintiff Patrice Harris's ("Harris") request that this court reverse the decisions by the Kansas Department of Labor Office of Appeals ("KDOL") and defendant Kansas Employment Security Board of Review ("Board") to deny her unemployment claim. (ECF 1 in consolidated Case Nos. 22-2211, 22-2212, and 22-2213.)[1] The court previously granted Harris leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. (ECF 6 in Case No. 22-2211; ECF 8 in Case No. 22-2212; ECF 7 in Case No. 22-2213.) For the reasons explained below, the court now recommends that the district judge dismiss her complaint without prejudice pursuant to § 1915(e)(2)(B)(ii) because it fails to state an actionable claim for relief.

## I.    HARRIS'S CLAIMS SHOULD BE DISMISSED WITHOUT PREJUDICE.

When a plaintiff proceeds IFP, the court may screen the complaint under § 1915(e)(2)(B). The court may dismiss the complaint if it determines that the action "(i) is frivolous or malicious;

---

[1] Pursuant to the court's Order of Consolidation, Case Nos. 22-02212 and 22-02213 are consolidated with Case No. 22-02211, and all pleadings are to be filed in only Case No. 22-02211, which has been designated as the lead case. (ECF 5 in Case No. 22-02211-TC-ADM; ECF 7 in Case No. 22-02211-TC-ADM; ECF 6 in Case No. 22-02213-TC-ADM.)

(ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The purpose of § 1915(e)(2) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate." *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012).

### A. Legal Standard

Dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard that applies to motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). To withstand dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not sufficient to state a claim for relief. *Id.* Dismissal of a pro se plaintiff's complaint for failure to state a claim is "proper only where it is obvious that the plaintiff cannot prevail on the facts . . . alleged and it would be futile to give [plaintiff] an opportunity to amend." *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001). The court must "accept the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff." *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016).

Because Harris is proceeding pro se, the court construes her pleadings liberally and holds them "to a less stringent standard than those drafted by attorneys." *Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006). In doing so, the court does not "assume the role of advocate for the

pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The plaintiff still bears "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

### B.      Analysis

Harris's complaint alleges that the KDOL and the Board denied her unemployment claim as untimely, and that this denial was improper because she consistently tried to contact the KDOL to find out what she needed to do to file claims in a timely manner but the KDOL's capacity was overwhelmed during the COVID pandemic due to staffing shortages, outdated technology, the volume of claims, etc.  She asks this court to "examine the complete facts of my case and reverse the ruling."  (ECF 1, at 7.)  Based on the limited allegations in Harris's complaint,[2] it appears that the KDOL denied her claim for unemployment benefits because she failed to provide the required information.  (ECF 1, at 7, 9-10; ECF 1-1, at 3.)  She then appealed that denial, and the KDOL denied her appeal on March 15, 2022.  (ECF 1, at 5; ECF 1-1, at 3.)  Harris then appealed that determination to the Board, which denied her appeal on May 23, 2022.  (ECF 1, at 5; ECF 1-1, at 3.)  Harris then filed the current lawsuit, in which she invokes this court's diversity jurisdiction and seeks actual damages.[3]  (ECF 1, at 2, 4.)

---

[2] The complaint does not attach any documents related to the denial of unemployment benefits or Harris's appeals to the KDOL and the Board other than a one-page "Acknowledgement of Appeal Before Board of Review," which was mailed on April 7, 2022.  (ECF 1-1, at 3.)

[3] Harris used this district's form complaint, which states that "the matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars ($75,000.00)." (ECF 1, at 2.)  Harris did not fill in the section of the form requiring her to "state the amounts claimed" as money damages.  (*Id.* at 4.)  Given this lack of specificity about the damage amount and the nature of the claim itself, the court questions whether the amount in controversy actually meets the jurisdictional threshold.  However, the court must accept plaintiff's allegation about the amount in controversy as true and, for that reason, the court will not recommend dismissing Harris's claims for lack of subject matter jurisdiction.

The problem with Harris's claim is that she seeks relief in the wrong court.   The Kansas Employment Security Law, KAN. STAT. ANN. § 44-701 *et seq.* ("KESL"), and the Kansas Judicial Review Act, KAN. STAT. ANN. § 77-601 *et seq.* ("KJRA"), require a claimant to initiate judicial review of a Board decision by filing a petition for judicial review in the appropriate court within 16 days after the date the Board's decision is mailed.  *See* KAN. STAT. ANN. § 44-709(i) ("An action of the board or board panel shall become final unless a petition for review in accordance with the Kansas judicial review act is filed within 16 calendar days after the date of the mailing of the decision.  If an appeal has not been filed within 16 calendar days of the date of the mailing of the decision, the decision becomes final."); KAN. STAT. ANN. § 77-610 ("Judicial review is initiated by filing a petition for judicial review in the appropriate court and payment of the docket fee as required by K.S.A. 60-2001 and amendments thereto.").  The judicial review is conducted by "[t]he district court" located "in the county in which the order or agency action is entered or is effective." KAN. STAT. ANN. § 77-609.   Consequently, Harris should have filed her complaint in the appropriate Kansas county district court—presumably, Shawnee County District Court where it appears the order or agency action was entered.

The KJRA applies to all agencies and proceedings for judicial review of agency actions not specifically exempted by statute.  KAN. STAT. ANN. § 77-603(a). It establishes the exclusive means of judicial review of agency action.  KAN. STAT. ANN. § 77-606; *Lindenman v. Umscheid*, 255 Kan. 610, 619, 875 P.2d 964 (1994).  The KJRA defines a "state agency" as follows:

> any officer, *department*, bureau, division, *board*, authority, agency, commission or institution of this state which is authorized by law to administer, enforce or interpret any law of this state but does not include any political or taxing subdivision of the state, or any agency thereof, or the judicial or legislative branch of state government.

KAN. STAT. ANN. § 77-602(k) (emphasis added).  And it defines "agency action" as follows:

4

> (1) The whole or a part of a rule and regulation or an order;
> (2) the failure to issue a rule and regulation or an order; or
> (3) an agency's performance of, or *failure to perform, any other duty, function or activity, discretionary or otherwise*."

KAN. STAT. ANN. § 77-602(b) (emphasis added).  Under this definition, the KDOL and the Board are each state agencies, and Harris's claim that they failed to grant her claim for unemployment rights and benefits involves an "agency action."

"The KJRA is the exclusive remedy for all requested relief which an agency can grant under its authority.  Only actionable claims which fall outside the authority of an agency to grant can support a separate action by an aggrieved party."  *Heiland v. Dunnick*, 270 Kan. 663, 668 (2001) (quotation omitted); *Little v. State*, 34 Kan. App. 2d 557, 567 (2005) (finding the KJRA controlled the plaintiff's time to file his claims against KDOT and DOA).  Here, Harris's complaint does not allege that an administrative remedy is unavailable or that the remedy is inadequate to address the problem.  To the contrary, the KDOL and the Board have authority to address Harris's claim by reversing their ruling denying her unemployment benefits.  So the nature of Harris's claim in this case, like in *Heiland* and *Little*, is that state agencies failed to fulfill their statutory duty.  Because of this, Harris's sole remedy for her claim that the KDOL and the Board allegedly failed to afford her unemployment rights and benefits is through the KJRA.

As explained above, venue under the KJRA "is in the county in which the order or agency action is entered or is effective or the rule and regulation is promulgated."  KAN. STAT. ANN. § 77-609(b).  But Harris did not file her petition for judicial review in the appropriate Kansas county district court.  She filed it in this federal court.  Her sole remedy is not through the federal court system, but rather through the KJRA.  Harris's complaint therefore fails to state a claim on which relief may be granted—insofar as she filed her claim *in this court*—because the KJRA only authorizes the appropriate county court to review the subject decisions.

## II.      CONCLUSION

In sum, because Harris's complaint fails to state a plausible claim on which relief may be granted, the court recommends that the assigned district judge dismiss Harris's complaint without prejudice.

* * * * *

Pursuant to 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b)(2), and D. KAN. RULE 72.1.4(b), plaintiff may file written objections to this report and recommendation within fourteen days after being served with a copy.  If plaintiff fails to file objections within the fourteen-day time period, no appellate review of the factual and legal determinations in this report and recommendation will be allowed by any court.  *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

**IT IS THEREFORE RECOMMENDED** that the assigned district judge dismiss plaintiff Patrice Harris's complaint without prejudice.

**IT IS FURTHER ORDERED** that the clerk's office mail a copy of this Order and Report and Recommendation to plaintiff Patrice Harris via regular mail and certified mail, return receipt requested.

**IT IS SO ORDERED.**

Dated June 21, 2022, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge